UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

HUMAR JACOBS,

                                             Plaintiff,

       -against-

GEORGE ALEXANDER; and JOHN and JANE DOE
1-10, individually and in their official capacities (the
names John Doe being fictitious, as the true names are
presently unknown),

                                          Defendants.

----------------------------------------------------------------------X

*__COMPLAINT AND__*
*__JURY DEMAND__*


Docket No.
15-cv-5901


ECF CASE


      Plaintiff Humar Jacobs, by his attorney Joseph Indusi, Esq., of London Indusi LLP, for

his complaint against Defendants alleges as follows:


## PRELIMARY STATEMENT

      1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and

42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth

Amendments of the United States Constitution.

      2.  The claim arises from a March 22, 2015 incident in which Defendants, acting under

color of state law, unlawfully stopped and arrested Mr. Jacobs without probable cause. Mr.

Jacobs initially spent approximately 24 hours unlawfully in police custody. At arraignments, Mr.

Jacobs reluctantly accepted an Adjournment in Contemplation of Dismissal, and admitted no

wrong doing.

      3. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as

well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331 and 1343(a) (3) and (4).

## VENUE

6. Venue is laid within the Eastern District of New York in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District. 28 U.S.C. § 1391 (b).

## PARTIES

7. Plaintiff Humar Jacobs ("Mr. Jacobs") resided at all times here relevant in Brooklyn, King's County, City and State of New York.

8. George Alexander, Shield No. 26885 ("Alexander") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Alexander was, at the time relevant herein, a Police Officer under Shield # 26885 of the 72nd Precinct. Defendant Alexander is sued in his individual capacity.

9. At all times relevant Defendants John and Jane Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. At this time, Plaintiff does not know the real names and/or shield number of Defendants John and Jane Doe 1 through 10.

2

10. At all times relevant herein, Defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL CHARGES

12. On March 22, 2015, at approximately 3:00 AM., Mr. Jacobs was driving in his vehicle on 2nd Avenue in Brooklyn, New York.

13. Mr. Jacobs was on his way to the airport to pick up a friend when he was unlawfully stopped by Defendants at a Police Checkpoint on 2nd Avenue and 65th Street in Brooklyn, New York.

14. Mr. Jacobs was not committing any crime or violating any local law or ordinance.

15. The Defendants did not observe Mr. Jacobs commit any crime or Vehicular and Traffic Law violation.

16. The Defendants approached Mr. Jacobs vehicle and asked for his license and registration.

17. Mr. Jacobs gave Defendants his license and registration, which were both valid.

18. The Defendants, including Alexander, unlawfully asked Mr. Jacobs to step out of the vehicle, in which he complied.

19. The Defendants then searched Mr. Jacobs's person without authority or consent.

20. No contraband or anything of illegality was found on Mr. Jacobs's person.

21. The Defendants, including Alexander, unlawfully handcuffed Mr. Jacobs and arrested

him.

22. The Defendants did not have probable cause or reasonable suspicion to arrest Mr. Jacobs.

23. Mr. Jacobs did not resist arrest.

24. The Defendants transported Mr. Jacobs to the 78th Precinct, IDTU unit.

25. The Defendants asked Mr. Jacobs to blow into the Intoxilizer 500, in which Mr. Jacobs complied.

26. Mr. Jacobs blew a 0.0 in the Intoxilyzer.

27. The Defendants then transported Mr. Jacobs to the 72nd Precinct.

28. Mr. Jacobs waited at the 72nd Precinct for multiple hours, repeatedly asking why he was being unlawfully detained.

29. The Defendants refused to tell Mr. Jacobs why he was being arrested.

30. The Defendants transported Mr. Jacobs to central bookings.

31. While Mr. Jacobs was in central bookings, Defendants, including Alexander, conveyed false information to prosecutors in order to have Mr. Jacobs prosecuted for Operation Outside of Lane, and another related charge.

32. Mr. Jacobs was unlawfully held in police custody for approximately 18 hours and arraigned on those charges.

33. At arraignments, Mr. Jacobs reluctantly accepted an Adjournment in Contemplation of Dismissal, and admitted no wrongdoing.

34. At all times relevant hereto, Defendants were involved in the decision to arrest Mr. Jacobs without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting Mr. Jacobs without probable cause.

4

35. During all of the events described, Defendants acted maliciously, willfully, knowingly and with the specific intent to injure Mr. Jacobs and violate his civil rights.

36. As a direct and proximate result of the acts of Defendants, Mr. Jacobs suffered the following injuries and damages: violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety and loss of liberty.

## FIRST CAUSE OF ACTION
Unlawful Stop and Search
42 U.S.C. § 1983 Against Individual Defendants

37. The above paragraphs are here incorporated by reference as though fully set forth.

38. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiffs without reasonable suspicion.

39. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages herein before alleged.

## SECOND CAUSE OF ACTION
False Arrest Under
42 U.S.C. § 1983 Against Individual Defendants

40. The above paragraphs are here incorporated by reference as though fully set forth.

41. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

42. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

43. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the

damages hereinbefore alleged.

### THIRD CAUSE OF ACTION
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

44. The above paragraphs are here incorporated by reference as though fully set forth.

45. The individual Defendants created false evidence against Plaintiff, to wit, sworn documents and testimony alleging that Mr. Jacobs committed a crime.

46. The individual Defendants forwarded false evidence to prosecutors in the King's County District Attorney's office.

47. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fourth and Fourteenth Amendments of the United States Constitution.

48. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

49. The above paragraphs are here incorporated by reference as though fully set forth.

50. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

51. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

52. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

6

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a)  In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b)  Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c)  Awarding Plaintiff compensatory and special damages in an amount to be determined by a jury;

d)  Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

e)  Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: October 13, 2015
Brooklyn New York                                   Respectfully submitted,


_____/s/ Joseph Indusi_____
*Joseph Indusi, Esq.*
Bar Number: JI6499
Attorney for Mr. Jacobs
London Indusi LLP
186 Joralemon Street, Suite 1202
Brooklyn, NY 11201
(718) 301-4593 – Phone
(718) 247-9391 – Fax
Joe@LondonIndusi.com